UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY LYNN THORNE,

    Plaintiff,                                  CIVIL ACTION NO. 13-13016

  v.                                          DISTRICT JUDGE GERSHWIN DRAIN
                                             MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

      Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retains the residual functional capacity for a limited range of light work.

**II.    REPORT**

    **A.    Introduction and Procedural History**

      Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on January 28, 2011, alleging that she had been disabled and unable to work since December 31, 2006, at age 44, due to shortness of breath, left shoulder and left knee pain, and chronic low back discomfort. Benefits were denied by

the Social Security Administration. A requested de novo hearing was held on February 28, 2012, before Administrative Law Judge (ALJ) Kevin W. Fallis. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a limited range of light work. The Law Judge restricted claimant from jobs that exposed her to atmospheric pollutants. She was further restricted from climbing ladders, ropes or scaffolds. She could not reach overhead with her left arm. Given the side effects from claimant's medication, the ALJ limited her to simple, routine and repetitive tasks that did not require fast-paced production requirements. These jobs had few work place changes, and did not involve complex work-related decisions. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 49 years old at the time of the administrative hearing. She had a tenth grade education, and had been employed as a dancer during the relevant past (TR 55). She stopped working due to problems with her back, knees, heels, and arms (TR 56). Plaintiff testified that she "just walked out" of her last job (TR 56). When asked to identify what prevented her from returning to work, claimant responded that her entire spine hurt all the way down to her tailbone (TR 57). She added that her left shoulder had been bothering her for about three years (TR 59). While Plaintiff was unsure how she originally injured her left

shoulder, she alleged that the shoulder joint felt as if it was out of its socket (TR 59). Plaintiff explained that going up and down stairs aggravated her back and left knee (TR 51). She allegedly limited her driving to once or twice a week, since back and hand pain made steering the car difficult (TR 52).

A Vocational Expert (VE), Judith Findora, classified Plaintiff's past work as heavy, skilled activity, which did not impart any transferable skills (TR 89). The witness explained that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 94). If she were capable of light work, however, there were numerous unskilled office work, information clerk, cashier and retail sales jobs that she could still perform with minimal vocational adjustment (TR 90-92). These jobs would not require frequent climbing, and did not involve overhead lifting or reaching with the left arm. They were performed in clean air environments free of fumes, odors, dust and gases. Only simple, routine and repetitive tasks were performed, and workers were not exposed to fast paced production quotas requiring complex work-related decisions (TR 90-91).

**B.    ALJ's Findings**

The Administrative Law Judge found that Plaintiff was impaired as a result of chronic obstructive pulmonary disease (COPD), degenerative joint disease of the left shoulder and left knee and chronic low back pain, but that she did not have an impairment or combination

---

[1] The witness opined that Plaintiff's alleged need to miss work more than two work days a month due to the side-effects from her medications would preclude all work activity (TR 94).

3

of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring her to frequently climb, balance, stoop, kneel, crouch or crawl. She was unable to reach overhead with her left arm, and could not be exposed to moving machinery, unprotected heights or atmospheric pollutants. The ALJ further restricted claimant to routine, repetitive tasks requiring simple work related decisions free of fast paced production quotas. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert (TR 31-37).

    C.    **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She argues that the ALJ erred in both his credibility assessment and in his analysis of the medical records. These errors, in turn, led to the ALJ posing a defective hypothetical question, or one that did not accurately portray her impairments. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or breathing difficulties.

**D.    Discussion and Analysis**

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retains the residual functional capacity for a restricted range of light work that did not require her to frequently climb, balance, stoop, kneel, crouch or crawl. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling joint pain.

5

The medical record during the relevant period contains little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to low back, left shoulder and left knee pain. Dr. R. Scott Lazzarra, a consultative examiner, reported in May 2011, that Plaintiff walked with a normal gait, had negative results on straight leg raising tests, and showed no signs of joint laxity or effusion (TR 257-259). Upon examination, Dr. Lazzarra found claimant's dexterity to be unimpaired, and she had no difficulty getting on and off the examination table (TR 257). Plaintiff performed heel and toe walking without difficulty, and demonstrated that she could stand on either foot (TR 257). The ALJ accommodated claimant's functional limitations caused by left knee and back pain by resticting her from jobs that required a lot of climbing or the frequent use of left foot controls. She was also found unable to reach overhead with her left arm (TR 33).

While Plaintiff was found to be impaired by COPD, the ALJ properly took note of the fact that she refused to follow her treating physician's recommendation to stop smoking (TR 276). In addition, the same doctor indicated that the claimant had not used a medication prescribed to help alleviate her breathing difficulties (TR 276). The ALJ reasonably determined that, if Plaintiff's breathing problems were as functionally debilitating as alleged, she would have made a greater effort to stop smoking (and to avail herself of services offered by her doctor) (TR 34). As of the time of the hearing, Plaintiff had still not stopped smoking (TR 68). Thus, the ALJ had an ample basis to question claimant's credibility concerning the disabling nature of her breathing difficulties.

Given the lack of objective clinical evidence of total disability during the relevant period, the Administrative Law Judge could reasonably find that Plaintiff's chronic pain symptoms and breathing difficulties did not prevent her from performing a reduced range of light work. There was medical evidence on both sides and, having examined it, I cannot say that the Commissioner's conclusion is not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met the burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[2], the Vocational Expert testified that there were numerous unskilled office clerical, information clerk, cashier and retail sales positions that she could

---

[2]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and COPD. The ALJ reasonably determined that claimant's on-going joint discomfort limited her to jobs that did not involve frequent climbing, or performing any overhead lifting/reaching with her left arm. She was also limited to simple tasks that did not require complex thinking to accommodate her mental difficulties caused by the side-effects from medications (TR 33). Contrary to Plaintiff's assertion, there was no medical record that even suggested she would need to be off-task 20% of her work time. Thus, the ALJ properly excluded that factor from his hypothetical question posed to the VE. The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

still perform with minimal vocational adjustment (TR 90-92). These jobs would not require frequent climbing, overhead lifting, or reaching with the left arm. They were performed in clean air environments free of fumes, odors, dust and gases. Only simple, routine and repetitive tasks were performed, and workers were not exposed to fast paced production quotas requiring complex work-related decision making (TR 90-91). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, I suggest that the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

**III.   REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder
CHARLES E. BINDER
Dated: September 12, 2014                    United States Magistrate Judge